# APPEAL NO. 24-4476

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES EDWARD BREEDEN,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## BRIEF OF APPELLANT JAMES EDWARD BREEDEN

**HILARY L. GODWIN**
**ASSISTANT FEDERAL PUBLIC DEFENDER**

Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, WV 26301
Telephone: 304-622-3823

Counsel for Appellant, JAMES EDWARD BREEDEN

# APPEAL NO. 24-4476

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## UNITED STATES OF AMERICA,

Appellee,

v.

## JAMES EDWARD BREEDEN,

Appellant.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

## BRIEF OF APPELLANT JAMES EDWARD BREEDEN

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Statement of Jurisdiction.........................................................................................1

Issue Presented for Review.....................................................................................1

    A.    Preface. ........................................................................................................1

    B.    Issue. ...........................................................................................................2

Statement of the Case..............................................................................................2

Summary of the Argument......................................................................................5

Argument .................................................................................................................5

    A.    The District Court Did Not Err in Sentencing Breeden to 124 Months in Custody Where the Advisory Guidelines Range was 124 to 161 Months.............5

        I.    Standard of Review. ..................................................................................5

Conclusion ..............................................................................................................8

# TABLE OF AUTHORITIES
## Cases

*Anders v. California*, 386 U.S. 738 (1967) ........................................................ 1, 5, 8

*Gall v. United States*, 552 U.S. 51 (2007) ........................................................ 5, 6, 7

*United States v. Carter*, 564 F.3d 328 (4th Cir. 2009) ................................................ 6

*United States v. Hernandez*, 603 F.3d 270 (4th Cir. 2010) ........................................... 7

*United States v. Lynn*, 592 F.3d 584 (4th Cir. 2010) ................................................ 7

*United States v. Pauley*, 511 F.3d 473 (4th Cir. 2007) .............................................. 6

## Statutes

18 U.S.C. § 3231 ................................................................................... 2

18 U.S.C. § 3553(a) ............................................................................. 6, 7

18 U.S.C. § 374 ................................................................................... 2

18 U.S.C. § 3742 .................................................................................. 7

21 U.S.C. § 841(a)(1) ........................................................................... 2, 3

21 U.S.C. § 841(b)(1)(C) ........................................................................ 2, 3

## Other Authorities

USSG § 5G1.3(b)(1) ................................................................................ 4

# STATEMENT OF JURISDICTION

On October 17, 2023, a federal grand jury sitting in Elkins, West Virginia, returned a one-count indictment in the Northern District of West Virginia, charging Mr. James Edward Breeden ("Breeden") with one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). J.A. 8. Because this charge constitutes an offense against the United States, the district court had original jurisdiction pursuant to 18 U.S.C. § 3231. This is an appeal from the final judgment and sentence imposed after Breeden pleaded guilty to the charge against him. The United States Court of Appeals for the Fourth Circuit has appellate jurisdiction pursuant to 18 U.S.C. § 374.

# ISSUE PRESENTED FOR REVIEW

**A. Preface.**

After carefully examining the record and researching the relevant law for any violations of the United States Constitution, applicable federal statutes, the Federal Rules of Criminal Procedure, and the United States Sentencing Commission Guidelines, counsel has identified and briefed all arguable issues and have concluded that the appeal presents no legally non-frivolous questions. Thus, counsel submits this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

B. **Issue.**

Whether the district court imposed an unreasonable sentence when it imposed a within Guidelines sentence of 124 months in custody against Breeden?

**STATEMENT OF THE CASE**

A federal grand jury sitting in Elkins, West Virginia, returned a one-count indictment in the Northern District of West Virginia, charging Mr. James Edward Breeden ("Breeden") with one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). J.A. 8.

The facts of the incident in this case as recounted in the Pre-Sentence Investigation Report ("PSR") are not in dispute. On May 20, 2022, Deputy Rolenson with the Upshur County, West Virginia, Sheriff's Department encountered Breeden during a traffic stop. J.A. 83. The driver of the vehicle advised Deputy Rolenson that she had traveled to the location to purchase fentanyl from Breeden. *Id.* A subsequent search of Mr. Breeden's hotel room resulted in the recovery of 277 stamps of suspected fentanyl. *Id.*

Further information indicated that Breeden had been engaged in a similar course of conduct on February 28, 2022, when members of the Mountain Lakes Drug and Violent Crime Unit were conducting undercover operations in Lewis County, West Virginia. J.A. 83 – 84. Task force officers observed Breeden exit a suspected drug house and drive away. *Id.* Officers ultimately conducted a traffic stop of

Breeden's vehicle and observed a glass smoking device, a blunt cigarette, and an odor of marijuana coming from the vehicle. *Id.* Officers removed all the occupants from the vehicle and recovered a fanny pack containing an amount of United States currency and suspected heroin bundles. *Id.*

On March 6, 2024, Breeden appeared for his Rule 11 Hearing before Honorable Michael John Aloi, United States Magistrate Court Judge, sitting in Elkins. J.A. 4 – 5. At the hearing, Breeden pleaded guilty to the sole count of the indictment. It appears that all the requirements of Criminal Procedure Rule II were properly met at the time that Breeden entered his guilty plea to the indictment. The guilty plea entered by Breeden was not pursuant to a written plea agreement, and therefore, there is no appellate waiver in this case. The magistrate court ordered the preparation of the PSR, which United States Probation timely provided to the parties and the district court. J.A. 80 – 103. The PSR properly calculated Breeden's advisory guideline range prior to the application of USSG § 5G1.3(b)(1) at 150 to 188 months of incarceration, based on a total offense level of 29 and a criminal history category of VI.

Sentencing took place in Clarksburg, West Virginia on August 20, 2024, before the Honorable Thomas S. Kleeh, Chief United States District Judge. There were no objections to the findings in the PSR and the district court accepted the

guilty plea. J.A. 28 – 86.

Counsel for Breeden moved the district court for a downward variance sentence via a sentencing memorandum and oral motion, based on USSG § 5G1.3(b)(1), the nature of the instant offense, the nature of Breeden's criminal history, and the impact of the career offender designation on the advisory guidelines. J.A. 74 – 79. The government did not oppose a downward adjustment based on the USSG § 5G1.3(b)(1), but did not support a further variance from the advisory guidelines. J.A. 38 - 39.

The district court granted Breeden's request for a downward variance sentence based on USSG § 5G1.3(b)(1), but denied any further downward variance, and imposed a sentence of 124 months in custody, which was within the adjusted Advisory Guidelines range. J.A. 62. The district court also imposed a three-year term of supervised release. J.A. 63. His judgment was entered on August 21, 2024. J.A. 61. On September 5, 2024, counsel for Breeden, petitioned the court to extend the time frame to file a notice of appeal based on the receipt of a letter from Breeden received the same day requesting an appeal be filed in this case. J.A. 68 – 69. On September 6, 2024, the district court granted the motion to extend the time frame to file a notice of appeal. J.A. 6. The same day, counsel filed the Notice of Appel on behalf of Breeden, J.A. 71. It is from this conviction and sentence Breeden now

appeals.

## SUMMARY OF ARGUMENT

The district court imposed a term of imprisonment of 124 months against Breeden where the advisory Guidelines range was 124 to 161 months in custody. The district court further ordered that Breeden serve a supervised release term of three years following his release from incarceration.

After a careful review of the record and the relevant case law of the Fourth Circuit, undersigned can only opine that the sentence and the findings of the district court were not unreasonable based upon the circumstances of this case. Therefore, there do not appear to be any non-frivolous issues to raise in this appeal, but requests that this Court review the entire record for any possible errors that may be otherwise apparent to the Court pursuant to the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967).

## ARGUMENT

**A. The District Court Did Not Err in Sentencing Breeden to 124 Months in Custody Where the Advisory Guidelines Range was 124 to 161 Months.**

I.  **Standard of Review.**

The Fourth Circuit will review a sentence imposed by a district court under a deferential, abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires the reviewing court to ensure that the

district court committed no significant procedural error, such as improperly calculating the advisory Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). The Fourth Circuit will then consider the substantive reasonableness of the sentence, considering the totality of the circumstances. *Gall*, 552 U.S. at 51.

At sentencing, a district court should first calculate the advisory Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. *See United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors, to determine whether they support the sentence requested by either party. *Id.* When rendering sentence, the district court must make and place on the record an individualized assessment based upon the particular facts of the case. *Carter*, 564 F.3d at 328, 330.

**B. Breeden's sentence within the properly calculated Guidelines range appears lawful.**

In a post-*Booker* sentencing scheme, the Fourth Circuit will review sentences for reasonableness considering the purposes of sentencing set forth by Congress in 18 U.S.C. § 3553(a). A sentence is substantively reasonable if it is "sufficient but not greater than necessary, to comply with" statutory purposes.

For a sentence to satisfy the procedural prong of review, the district court must

begin its sentencing proceeding "by correctly calculating the applicable Guidelines range . . . [T]he Guidelines should be the starting point and initial benchmark." *Gall*, 552 U.S. at 49, 128 S.Ct. 586. "The court must thereafter give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in the light of all the factors stated in 18 U.S.C. § 3553(a)." *United States v. Hernandez*, 603 F.3d 267, 270 (4th Cir. 2010). The district court must then conduct an "individualized assessment" of the facts and arguments presented and impose an appropriate sentence. *Gall*, 552 U.S. at 50, 128 S. Ct. 586. Finally, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id*. A sentencing court's explanation is sufficient if it "outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's argument for a downward departure." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010).

Here, Breeden entered a knowing, intelligent, and voluntary guilty plea, without an agreement with the government. To that end, Breeden retains the right under 18 U.S.C. § 3742 to challenge the reasonableness of his sentence.

In addition, the district court did not appear to suffer any mistaken belief that it could not depart or vary downwards in this case if it chose to do so. Rather, the

district court acknowledged counsel's arguments on Breeden's behalf and simply chose another available and lawful sentence – a within Guidelines sentence of 124 months where the advisory range was 124 to 161 months in custody. This was based, primarily on Breeden's offense conduct and criminal history J.A. 38 - 44

Counsel does not perceive any non-frivolous error in the imposition of the sentence here. Nonetheless, Breeden would like the Court to review the entire record to discover if any potential issues of merit have been overlooked.

## CONCLUSION

After careful review of the record and pursuant to *Anders v. California*, 386 U.S. 728 (1967), counsel is of the opinion that all arguable issues have been briefed and that there are no non-frivolous issues to raise in this appeal.

Respectfully submitted,

**James Edward Breeden**

By counsel:
*Hilary L. Godwin*
Hilary L. Godwin
Federal Public Defender's Office
230 West Pike Street, Suite 360
Clarksburg, WV 26301
Tel: (340) 622-3823
Email: Hilary_Godwin@fd.org

## CERTIFICATE OF SERVICE

I certify that on November 13, 2024, I filed the foregoing with the Clerk's office via the electronic filing system which should automatically send an electronic copy to opposing counsel listed below:

**Stephen D. Warner**
**Assistant United States Attorney's**
**United States Attorney's Office**
**Elkins, West Virginia 26241**
**Tel: (304) 636-1739**

By: *s/Hilary Godwin*
Hilary Godwin
WV State Card No.: 12280
Office of the Federal Public Defender
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26301
Tel.: 304-622-3823
Email: hilary_godwin@fd.org